JOHN SOMMER FAUCET COMPANY, PLAINTIFF-RESPONDENT, v. COMMERCIAL CASUALTY INSURANCE COMPANY, DEFENDANT-APPELLANT.

Submitted July 10, 1916—Decided November 20, 1916.

1. The construction and effect of a written instrument is a matter of law, to be determined by the court and not by the jury. But when the construction of a written instrument depends upon extrinsic facts, as to which there is a dispute, its construction is a mixed question of law and fact, and presents a jury question under proper instructions from the court.

2. What are "repairs usual and necessary to the care and maintenance of the premises," "all usual or special operations incident thereto," or "unusual alteration or repair of premises" in a manufacturers' public liability policy of insurance, as applied to the repair of a platform on the premises, presents a jury question. The refusal to nonsuit or direct a verdict by the trial court was not error.

---

On appeal from the Supreme Court.

For the defendant-appellant, *McCarter & English.*

For the plaintiff-respondent, *Lum, Tamblyn & Colyer.*

The opinion of the court was delivered by

BLACK, J.   This suit was instituted on a manufacturers' public liability policy of insurance, issued by the defendant company, dated June 25th, 1912.   The policy covered the period from August 2d, 1912, to August 2d, 1913, whereby it agreed to indemnify the plaintiff company against loss resulting from claims, against the assured for damages, on account of bodily injuries, including death, accidentally suffered by any person or persons *not employed* by the assured, by reason of the business described and conducted at the location named in the warranties therein stated.   The respondent company manufactured piano backs, piano cases and wooden faucets, at No. 355 Central avenue, Newark, New Jersey, being the location named in the policy.

The case was tried at the Essex Circuit Court, resulting in a verdict for the respondent, upon which judgment was entered.   The appeal is from that judgment.   The alleged errors are trial errors, discussed under three points in the appellant's brief—*first,* the questions involved presented matters of law, upon which the trial judge should have controlled the jury, by granting the defendant's motions for a nonsuit and direction of a verdict; *second,* error in the charge of the trial judge in refusing to charge as requested; *third,* error in permitting the respondent's witness, Charles A. Winston, to answer certain questions propounded to him as an expert witness, and refusing to allow the appellant's witness, J. Horace Shale, to answer certain questions propounded to him as an expert witness.

The controversy arose over the meaning, construction and application of certain warranties in the policy of insurance, which are as follows:  "4. Classified description of the business:   All operations incidental to the following business, including repairs and alterations usual and necessary to the care and maintenance of the premises or plant?   Manufacturers of piano backs and piano cases and wooden faucets."

"Erection, construction, demolition or unusual alteration or repair of premises or plant.—None."

"5. The foregoing statement correctly describes the business to be insured, including all usual or special operations

incident thereto, and the location at which said business is conducted. None of the special operations described will be covered unless," &c.

On December 21st, 1912, one Nicola De Vincenzo, who was not employed by the respondent, suffered bodily injuries, while upon the premises, by reason of a shed or open wooden structure located upon the respondent's premises, collapsing and falling while the earth beneath the shed was being excavated. The shed covered a platform. The platform had become in a ruinous and decayed condition and was badly in need of repair. In order to make proper repairs, it was necessary to excavate the loose, drifting soil which had been washed down under the platform, so as to get a proper footing for the uprights to support the platform.

De Vincenzo was employed by the contractor doing the excavation. He recovered a judgment against the respondent, which was affirmed by this court and which has been paid, hence this suit. It is admitted by the appellant, on the motion to nonsuit, simply making the platform safe, would have been a repair or alteration, usual and necessary, within the terms of the policy, to the maintenance of the plant. They did not do that, is the insistence, but did something more. Now under the evidence, whether they did or not, depended upon extrinsic facts, as to which there is a dispute, hence the jury, and not the court, must determine the point. The construction and effect of a written instrument is a matter of law to be determined by the court and not by the jury. This rule of law is firmly settled in this court by a long line of cases. *Grueber Engineering Co. v. Waldron,* 71 *N. J. L.* 597. But when the construction of a written instrument depends upon extrinsic facts, as to which there is a dispute, its construction is a mixed question of law and fact and presents a jury question, under proper instructions from the court. 9 *Cyc.* 592; *Kinston Cotton Mills v. Liability Ass. Corp.,* 161 *N. C.* 562. That was the precise situation presented to the trial court, on the motion to nonsuit and to direct a verdict for the defendant. Hence, there is no error in the trial court's refusal of these motions.

Second, the appellant submitted thirteen requests in writing to the trial judge, on which exceptions are based, in so far as they were not charged. There was no error committed by the trial judge in this respect. For the most part, these requests involve the same questions presented to the court on the motions to nonsuit and direct a verdict. It would subserve no useful purpose to review them in detail. For illustrative cases, somewhat in point to the case under discussion, see *Charles Wolff Packing Co.* v. *Travelers Insurance Co.,* 94 *Kan.* 630; *Kinston Cotton Mills* v. *Liability Ass. Corp., supra.* The cases, cited by counsel for the appellant as authorities, stand upon the particular facts of each case there decided.

Third, a witness, Charles A. Winston, for the respondent, was permitted to state that certain work described in the questions propounded was repairs and alterations necessary to the care and maintenance of the premises and plant; that the method adopted for repairing the platform was one of the ordinary methods of repairing it.

This was held proper in the case of *Kinston Cotton Mills* v. *Liability Ass. Corp., supra,* a case in point to the one now under discussion, and we concur in that view. The question propounded to Mr. Shale, the treasurer of the appellant company, overruled by the trial court and therefore complained of, viz., "If special operations had been specified in this policy under the heading, what effect, if any, would that have had upon the rate of insurance?" was clearly immaterial and the exclusion of this question by the trial court was not error.

There being no error in the record, the judgment is therefore affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 14.

*For reversal*—None.