## LLOYD W. CASNER, INCORPORATED, A CORPORATION, PLAINTIFF-RESPONDENT, v. WILLIAM HARTSHORNE, DEFENDANT-APPELLANT.

Submitted January 26, 1935—Decided April 6, 1935.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-respondent, *Charles Walker.*

For the defendant-appellant, *Theodore D. Parsons.*

The opinion of the court was delivered by

CASE, J. The appeal is from a judgment of $478.02 and costs entered on a jury verdict in the District Court of the

Second Judicial District of the county of Monmouth. Plaintiff sued to recover costs that he had paid incident to an appeal by him from an adverse judgment in an action tried at the Monmouth Circuit wherein he was the plaintiff and the present defendant was his attorney. Defendant's employment as such attorney was under a contract in writing signed by the defendant, as follows:

"Dear Mr. Hartshorne:

This will confirm my conversation with you in reference to your fees in the case in which I am the plaintiff, and the Fitkin Memorial Hospital is the defendant now on the list for trial in the New Jersey Supreme Court in Monmouth county.

Pursuant to our conversation, I hereby authorize you to deduct from whatever money you recover in this suit, 25% to cover your fees and disbursements. The understanding being that you are to conduct the case to its conclusion, and if the judgment is recovered to take such further steps as you may deem necessary to collect the money due thereon, whether in the law courts or in the Court of Chancery if the same should be necessary. Also that in the event of an appeal from the judgment of the law court, you will conduct the appeal without cost to me other than the $100 retainer which you have heretofore received and which is to be yours in addition to the 25%.

Yours truly,

I hereby accept the retainer as above stated.

WM. HARTSHORNE."

The above mentioned judgment was affirmed by the Court of Errors and Appeals on the appeal.

Appellant's first point is that the contract as construed by the plaintiff is void because against public policy. Plaintiff construed the contract as an undertaking by the defendant to pay the costs and disbursements of the appeal without contribution from the plaintiff except as set forth in the contract. And that, for the purpose of this point, must be understood as the bargain. The argument is that the con-

tract is against public policy in that it violates the old common law rules against maintenance and champerty. But nearly fifty years ago it was held in *Schomp* v. *Schenck,* 40 *N. J. L.* 195, 206, that the doctrine of maintenance does not prevail in this state and that as a consequence a contract may not be voided on that ground. That decision has since been regarded as the ruling law on the subject in this jurisdiction. *Bouvier* v. *Baltimore and New York Railway Co.,* 67 *N. J. L.* 281, 291; 51 *Atl. Rep.* 781; *Terney* v. *Wilson,* 45 *N. J. L.* 282; *Weller* v. *Jersey City, &c., Railway Co.,* 66 *N. J. Eq.* 11, 17; 57 *Atl. Rep.* 730; *Bigelow* v. *Old Dominion Copper,* 74 *N. J. Eq.* 458, 490; 71 *Atl. Rep.* 153. It is said that the involvement of costs rather than mere services puts the instant case outside the purview of the Schomp decision. Not so. The opinion (at *p.* 201), makes clear that a stipulation to bear the expenses of a litigation is on a par with a bargain for services.

Further, we consider that the agreement as so construed is not so much against public policy as would be the act of the attorney in violating a compact with his client to the latter's disadvantage after the event against which it was directed had transpired.

The second and remaining point presented by the appellant is that the written contract was not ambiguous and therefore should have been construed by the court and should not have been submitted to the jury for interpretation. The point rests upon the following portion of the judge's charge to the jury: "It is the province of the court to determine the effect of a contract as a matter of law, but if the contract by its terms is ambiguous, it is the province of the jury to determine its effect." The harm which appellant urges was suffered by him as a result of this charge is that the contract was submitted to the jury for interpretation.

Where there is no ambiguity in a written contract, it is the province of the court and not of the jury to determine its meaning (*Albert* v. *Ford Motor Co.,* 112 *N. J. L.* 597; 172 *Atl. Rep.* 379), but when the construction of a written instrument depends upon extrinsic facts, as to which there is a dispute, its construction is a mixed question of law and

fact and presents a jury question under proper instructions from the court. *Sommer Faucet Co.* v. *Commercial Casualty Insurance Co.,* 89 *N. J. L.* 693; 99 *Atl. Rep.* 342. The written agreement on its face appears to us to be without ambiguity: * * * "In the event of an appeal from the judgment of the law court, you [the defendant] will conduct the appeal without cost to me [plaintiff] other than the $100 retainer which you have heretofore received and which is to be yours in addition to the 25%." There was an appeal and therefore the obligation upon the appellant to conduct the appeal without cost to the respondent except as set forth in the writing is plain. Had the judge interpreted the contract he must so have ruled. But the appellant injected into the trial of the instant case the proposition, with supporting proof extrinsic to the writing, that the contingent fee named in the writing referred not to an appeal by the plaintiff but only to a possible appeal by the party sued, namely, Raleigh Fitkin-Paul Morgan Memorial Hospital, and that this interpretation of the contract was understood by the respondent at the time the contract was made and also at a later conference. That proof was controverted by the respondent. There was thus brought into the case at the instance of, and in the interest of, the appellant a factual doubt which had to be resolved by the jury and could not be settled by the court. Therefore, although the court's charge was not a precise statement of the law, we think that the defendant was not harmed thereby. The contract had to go to the jury for determination, and to the jury it went. That course gave the defendant an opportunity to prevail which he would not have had under the strict construction of the written words.

The judgment below will be affirmed, with costs.